UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA LEE and PIERRE MONTMEAS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>BEN PASTERNAK; B24, INC.; BELIEVE FOUNDATION; and DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 1:26-cv-2368 (DEH) |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT BELIEVE FOUNDATION'S MOTION
TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR
COMPEL ARBITRATION OR OTHERWISE DISMISS THE COMPLAINT**

SCOOLIDGE PETERS RUSSOTTI & FOX LLP
Peter Fox
Matthew Brown
2 Park Avenue 20th Floor
New York, New York 10016
(212) 729-7708

*Counsel for Defendant Believe Foundation*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    THE COURT LACKS PERSONAL JURISDICTION OVER THE FOUNDATION ...... 2

    II.    IN THE ALTERNATIVE, THE COURT SHOULD COMPEL ARBITRATION ............ 6

    III.  IN THE FURTHER ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM .......................... 7

CONCLUSION ..................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Cases**

*Am./Int'l 1994 Venture v. Mau*, 146 A.D.3d 40 (2d Dep't 2016)..................................................... 5

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001) ....................................................... 11

*Bailon v. Pollen Presents*, No. 22-CV-6054 (KPF), 2023 WL 5956141 (S.D.N.Y. Sept. 13, 2023) ...................................................................................................................................................... 4

*Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379 (S.D.N.Y. 2021).................................................. 3

*Brown v. Cara*, 420 F.3d 148 (2d Cir. 2005).................................................................................. 10

*Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16 (2d Cir. 2015) ............................ 4

*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361 (2d Cir. 1986) ....................................................... 5

*Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628 (S.D.N.Y. 2008) ........................................ 6

*Edmundson v. Klarna, Inc.*, 85 F.4th 695 (2d Cir. 2023) ............................................................... 7

*Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69 (2d Cir. 2023) ................................ 6

*Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998).............................................................. 4

*Kidz Cloz, Inc. v. Officially for Kids, Inc.*, 320 F. Supp. 2d 164 (S.D.N.Y. 2004)....................... 10

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988) ............................................................... 6

*Meyer v. Uber Techs., Inc.*, 868 F.3d 66 (2d Cir. 2017).................................................................. 8

*New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212 (2d Cir. 2014).............. 10

*Rich v. Fox News Network, LLC*, 939 F.3d 112  (2d Cir. 2019)..................................................... 11

*Richbell Info Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288 (1st Dep't 2003)................ 10

*Riviello v. Waldron*, 47 N.Y.2d 297 (1979).................................................................................... 11

*USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244 (E.D.N.Y. 2014).... 7

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2d Cir. 1991) ...................................................................................................................................................... 10

*Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95 (2d Cir. 2022).................................. 7

**Rules**

Fed. R. Civ. P. 12(b)(1)..................................................................................................................... 1

Fed. R. Civ. P. 12(b)(2)..................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 1, 7

Fed. R. Civ. P. 8................................................................................................................................ 9

N.Y. C.P.L.R. § 302........................................................................................................................... 3

Defendant Believe Foundation (the "Foundation") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the March 23, 2026, Complaint of Plaintiffs Joshua Lee and Pierre Montmeas (the "Complaint") (Dkt. No. 1), or in the alternative compel arbitration, or in the further alternative, pursuant to Rule 12(b)(1) and Rule 12(b)(6), to dismiss the Complaint.

## PRELIMINARY STATEMENT

The Foundation is a Cayman Islands company with no sustained presence or activities in New York—and Plaintiffs do not allege otherwise. In fact, they do not allege that the Foundation has had any contact with New York at all. Instead, Plaintiffs' theory of personal jurisdiction over the Foundation is entirely derivative of the alleged New York contacts of Defendants B24, Inc. and Ben Pasternak, whom they contradictorily allege both "*control*" the Foundation and are "directed" *by* the Foundation. These allegations fall well short of what is required to impute third-party forum-state contacts to an out-of-state defendant, and so the Court should dismiss the Complaint as to the Foundation under Rule 12(b)(2) for lack of personal jurisdiction.

If the Court declines to dismiss the Complaint for lack of personal jurisdiction, it should compel the Plaintiffs to arbitrate their claims against the Foundation. As argued in B24's and Mr. Pasternak's motion to dismiss, Plaintiffs agreed to arbitrate their claims, and, as explained below, there is a high likelihood that they assented to an arbitration clause to which the Foundation is a signatory.[1]

Finally, if the Court also declines to compel arbitration, then for the reasons set forth in Mr. Pasternak's and B24's motion, it should nevertheless dismiss the Complaint for lack of standing as to two of the three digital tokens at issue in the case, and for failure to state a claim as

---

[1] B24 and Mr. Pasternak hold open the possibility that Plaintiffs assented to an earlier version of the arbitration clause to which B24 is a signatory.

to the remaining claims. Not only are the remaining claims improperly pled as against any defendant for the reasons set forth in B24's and Mr. Pasternak's motion, they are doubly deficient as to the Foundation. This is because Plaintiffs do not allege that the Foundation actually *did* anything. Rather, their theory of the Foundation's liability turns entirely on entirely conclusory allegations of alter-ego and joint-venture liability. Plaintiffs' failure to adequately plead the elements required for any form of vicarious or derivative liability is a separate and independent reason to dismiss the Complaint against the Foundation.

## ARGUMENT

### I.   THE COURT LACKS PERSONAL JURISDICTION OVER THE FOUNDATION

The Foundation is a Cayman Islands foundation company, Decl. of Glenn Kennedy ("Kennedy Decl.") ¶ 3, managed by a sole director, *id.* ¶¶ 2, 4, who lives and works in the Cayman Islands, *id.* ¶ 5, subject to the oversight of a Cayman Islands management company, *id.* ¶ 4. It has no officers, *id.*, no members, *id.* ¶ 3, and no shareholders, *id*. It conducts no business in the State of New York. *Id.* ¶ 6.

Because Plaintiffs fail to allege that the Foundation has had any contact with New York—much less any contact with the State relating to the claims in this case—and because their allegations of imputed contacts are utterly conclusory and legally deficient, the Court should dismiss the Complaint against the Foundation for lack of personal jurisdiction.

B24 and Mr. Pasternak set forth the correct legal standard for assessing the Court's personal jurisdiction over an out-of-state party in their motion (Dkt. No. 24) at pages 7 through 8. Specifically, in a diversity action in this Court, it is the plaintiff's burden to prove that New York's long-arm statute is satisfied, and, if so, that the Court's exercise of jurisdiction comports with due process. *Id.* Critically, jurisdiction is analyzed "defendant-by-defendant," and "a plaintiff must

2

carry his burden with respect to each defendant individually." *Id.* at 9 (quoting *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 396 (S.D.N.Y. 2021)). Under all prongs of New York's long-arm statute, codified in Section 302 of the state's Civil Practice Law and Rules, the out-of-state defendant must have some contact with New York.

Here, the Complaint lacks any well-pled allegations of facts that would satisfy Section 302. Indeed, Plaintiffs fail to allege (adequately or otherwise) that the Foundation *itself* has had any contact with New York at all. Rather, Plaintiffs' theory of personal jurisdiction over the Foundation is entirely derivative of the alleged New York contacts of B24 and Mr. Pasternak, whom Plaintiffs allege "control[]" the Foundation "from New York," Compl. ¶ 28, and whose allegedly New York-based "flywheel wallet activity and token treasury management" (paradoxically) is said to be "directed by the Foundation," *id.* ¶ 29. According to Plaintiffs, these supposed New York activities of B24 and Mr. Pasternak are "attributable" to the Foundation "[u]nder agency and alter ego theories." Compl. ¶ 28.

But mere labels like "agent" and "alter ego," and conclusory allegations of "control" and "direction," are no substitute for allegations of the specific facts needed to impute third-party forum-state contacts to a defendant for purposes of New York's long-arm statute. A plaintiff must make a prima facie showing of jurisdiction through allegations that are non-conclusory and fact-specific, *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)), which means that "the bland assertion of conspiracy or agency is insufficient to establish jurisdiction." *Bailon v. Pollen Presents*, No. 22-CV-6054 (KPF), 2023 WL 5956141, at *6 (S.D.N.Y. Sept. 13, 2023).

In this case, such "bland assertions" are all Plaintiffs offer. There is nothing specific in the Complaint to support the claim that the Foundation is "controlled" by Mr. Pasternak and B24—

3

and, as described in the Declaration of Glenn Kennedy, it is not. Nor are there any well-pled allegations bearing out Plaintiffs' contradictory assertion that B24 and Mr. Pasternak (whom one paragraph above in the Complaint are described as the Foundation's "controllers") are somehow "directed" by the Foundation.

Scouring the Complaint beyond its jurisdictional sections for facts connecting the Foundation to Mr. Pasternak and B24 in any jurisdictionally relevant way reveals only the allegation that, "on information and belief,"[2] Mr. Pasternak is the Foundation's CEO, Compl. ¶ 16, and that "the Foundation, B24, Inc., and Pasternak operated as coordinated entities managing the token ecosystem, constituting a joint venture for the purposes of the conduct alleged herein," *id.* ¶ 55.

The former allegation (CEO)—in addition to being insufficient to establish agency or alter ego—is wrong. The Foundation has no CEO, and it has no equity holders. Rather, it is managed by a sole director (Mr. Kennedy), whose work is overseen by a Supervisor, Highvern. Kennedy Decl. ¶ 4. The latter allegation (joint venture) is just a label; an utterly naked conclusion, unsupported by any specific factual allegations whatsoever.[3]

To illustrate how far Plaintiffs fall from adequately pleading imputable third-party forum-state contacts, consider what is actually required to establish long-arm jurisdiction by agency. A plaintiff must prove that the New York actor "engaged in purposeful activities in [New York] in

---

[2] All of the allegations in the Complaint except those pertaining to "Plaintiff's [sic] own acts and experiences" are pled "on information and belief." Compl., at 3 n.1.

[3] While participation in a joint venture can lead to the imputation of an in-state co-venturer's contacts to an out-of-state defendant for jurisdictional purposes, the required showing is a difficult one. A plaintiff must establish (1) an arrangement "sufficiently analogous to a joint venture or partnership" reflecting joint control of a common enterprise, (2) that the local actor acted with the defendant's knowledge and consent, and (3) that the local actor was pursuing a joint business opportunity for the benefit of all participants, not a personal one. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986). No allegations of this sort appear in the Complaint.

relation to [the] transaction for the benefit of and with the knowledge and consent of the [defendant] and that [the defendant] exercised some control over [the local actor] in the matter." *Am./Int'l 1994 Venture v. Mau*, 146 A.D.3d 40, 40–41 (2d Dep't 2016) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)). Moreover, the control element runs in one direction only: it is the *out-of-state defendant* who must control the local actor, *not the reverse*. *See, e.g., Kreutter*, 71 N.Y.2d at 467–68 (agency established where the local company acted "for the benefit of and with the knowledge and consent of the Texas defendants" and the Texas defendants "exercised some control over" the local company); *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 74 (2d Cir. 2023) (same dynamic); *cf. Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 639 (S.D.N.Y. 2008) (personal forum-state activities by defendant's officer not attributable to defendant).

Thus, even if the Court credited Plaintiffs conclusory allegation that B24 and Mr. Pasternak "controlled" the Foundation, Compl. ¶ 28, or the negated allegation that Mr. Pasternak is the Foundation's "CEO," *id.* ¶ 16, all Plaintiffs have done is plead the *opposite* of what is required to establish in-state agency. And Plaintiffs' contradictory allegation that B24 and Mr. Pasternak's activities were "directed" by the Foundation, *id* ¶ 29, still fails to adequately plead agency because there are no well-pled allegations that Mr. Pasternak or B24 undertook their alleged New York activities "for the benefit of" the Foundation, as opposed to for their own benefit or the Believe platform's benefit generally. More fundamentally, the "direction" allegation is entirely conclusory. Plaintiffs never identify a single specific instance in which the Foundation directed, authorized, or consented to any particular act by Mr. Pasternak or B24.

Plaintiffs' invocation of jurisdiction by alter ego is even more divorced from the pleadings than their agency theory, and seems like makeweight. Jurisdictional veil-piercing, while "less

5

stringent" than veil-piercing for liability purposes, still requires factual allegations that the defendant entity is a "shell": in other words, that it is being used to advance another's personal interests rather than furthering its own corporate ends. *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 266–68 (E.D.N.Y. 2014). Courts examine the failure to observe corporate formalities, inadequate capitalization, intermingling of personal and corporate funds, shared office space and phone numbers, and overlap of ownership, directors, officers, and personnel. *Id*. at 268. Plaintiffs fail to allege *any* of these factors.

## II.        IN THE ALTERNATIVE, THE COURT SHOULD COMPEL ARBITRATION

If the Court declines to dismiss the Complaint against the Foundation for lack of personal jurisdiction, it should compel Plaintiffs to arbitrate for substantially the same reasons set forth by Mr. Pasternak and B24 on pages 2 through 5 of their motion.

First and foremost, Plaintiffs agreed to arbitrate. As argued on page 3 of Mr. Pasternak and B24's motion, the only reasonable inference that can be drawn from the Complaint is that Plaintiffs migrated their $LAUNCHCOIN holdings to $BELIEVE. Mr. Pasternak explains that Plaintiffs could only complete such a migration by assenting to Terms of Use that included an arbitration clause. Decl. of Ben Pasternak ("Pasternak Decl.") (Dkt. No. 23) ¶¶ 5–10. The Terms of Use and the arbitration clause therein are enforceable. *See* Mot. of Defs. B24 and Ben Pasternak, at 4 (citing *Edmundson v. Klarna, Inc.*, 85 F.4th 695 (2d Cir. 2023); *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95 (2d Cir. 2022); and *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78–80 (2d Cir. 2017)).

Although Mr. Pasternak believes some tokenholders who migrated $LAUNCHCOIN to $BELIEVE assented to Version 2 of the Terms of Use, Pasternak Decl. ¶ 11, it is highly likely that Plaintiffs agreed to Version 3 of the Terms of Use. According to the text of Version 3, it was "last updated" on October 10, 2025, *see* Ex. B to Pasternak Decl. (Dkt. No. 23-2), which was five days

6

*before* Plaintiffs allege the migration was announced, *see, e.g.*, Compl. ¶ 6. Moreover, Plaintiffs allege that the Terms of Use applicable to their transactions contain provisions "purporting to waive all claims, disclaim fiduciary duties, and require Cayman Islands arbitration," Compl. ¶ 139(d), which tracks Version 3's language.

As explained by Mr. Pasternak and B24 on pages 4 through 5 of their motion, the arbitration clause in Version 3 of the Terms of Use (and also in Version 2) clearly covers Plaintiffs' claims in this case.

This leaves only the question of whether the Foundation can invoke the arbitration clause. It can, because the Foundation is the counterparty to Version 3, and so can directly compel arbitration under it.

**III.      IN THE FURTHER ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM**

The Foundation joins the argument of Mr. Pasternak and B24 on pages 7 through 10 of their motion that Plaintiffs' claims with respect to the $PASTERNAK and $BELIEVE tokens should be dismissed for lack of standing.

The Foundation also joins their arguments that the remainder of Plaintiffs' claims should be dismissed under Rule 12(b)(6) for the reasons set forth on pages 10 through 25 of their motion.[4]

On top of all of these strong arguments, Plaintiffs' claims against the Foundation should also be dismissed because Plaintiffs do not allege that the Foundation actually *did* anything. They

---

[4] With respect to the unjust enrichment claim, Mr. Pasternak and B24 frame their argument in part around Plaintiffs' allegations as to their particular conduct, *see* Mot. of Defs. B24 and Ben Pasternak, at 24 ("Plaintiffs allege that *Moving* Defendants were enriched at Plaintiffs' expense because 'Plaintiffs' and Class members' tokens lost their value." (emphasis added)), but the arguments about the deficiencies of Plaintiffs' pleading of the claim are equally applicable for the Foundation, and so the Foundation adopts them as well.

do not allege anyone spoke on its behalf, or that it engaged in any transactions. Every affirmative misrepresentation cataloged in paragraph 138(a)–(d) and summarized in (e) is attributed to Mr. Pasternak, "the team," or the "official Platform account[s]"—never to the Foundation.[5]

Instead, like with respect to personal jurisdiction, Plaintiffs' theory of liability for the Foundation appears to be entirely derivative of alleged conduct by Mr. Pasternak and/or B24. The allegations do not sustain it.

For example, Plaintiffs assert that "[t]he Foundation, B24, Inc., and Pasternak operated as coordinated entities managing the token ecosystem, constituting a joint venture for the purposes of the conduct alleged herein." Compl. ¶ 55. But, as in the jurisdictional context, this assertion is unsupported by any factual allegations addressing the elements of a joint venture under New York law: (i) a specific agreement to carry on an enterprise for profit; (ii) intent to be joint venturers; (iii) a contribution by each party; (iv) joint control; and (v) shared profits and losses. *Richbell Info Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 298 (1st Dep't 2003); *Brown v. Cara*, 420 F.3d 148, 159–60 (2d Cir. 2005). "The absence of any one element is fatal." *Kidz Cloz, Inc. v. Officially for Kids, Inc.*, 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004). Here, *every* one of the elements is missing.

The same can be said for Plaintiffs' *ipse dixit* that the Foundation was an "alter ego" to Mr. Pasternak and/or B24. Compl. ¶ 28. Alter-ego liability turns on indicia of domination—among

---

[5] The only Foundation-specific factual allegations in the Complaint are: (i) that the Foundation is the contracting counterparty under the Terms of Use and holds the copyright to the Platform application, Compl. ¶ 18; (ii) that the Foundation "controls" the $BELIEVE token treasury and flywheel buyback wallet, *id.*; and (iii) that the Foundation received a "foundation" allocation of approximately 3% of the expanded token supply in connection with the October 2025 migration, *id.* ¶¶ 71, 76–77, 94. None of these allegations entails statements or conduct that could be characterized as false or deceptive—and, indeed, the Complaint's own timeline establishes that the Foundation's receipt of this allocation was publicly disclosed the same day it occurred. *Id.* ¶ 77.

them, the absence of corporate formalities such as the issuance of stock, election of directors, and keeping of corporate records; commingling of funds; overlap in ownership and officers; and the degree of business discretion exercised by the dominated entity. *New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991)). Plaintiffs allege none of this.

Similarly, as explained in connection with personal jurisdiction, Plaintiffs' theory of agency runs backward. While a principal may be liable for the acts and omissions of its agent, *see Rich v. Fox News Network, LLC*, 939 F.3d 112, 129–30 (2d Cir. 2019) (citing *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979)), Plaintiffs allege that Mr. Pasternak and B24 "controlled" the Foundation, Compl. ¶ 28, not the other way around. To be sure, in the very next paragraph of the Complaint, Plaintiffs flip-flop and allege that the Foundation "directed" Mr. Pasternak and B24 as to "flywheel activity" and "token treasury management." But as explained above, this allegation is completely hollow—without any supporting facts as to who at the Foundation "directed" them, when, why, or what "flywheel activity" or "treasury management" they are talking about. Much more is required of well-pled allegations of agency.

Finally, Plaintiffs resort to impermissible group pleading to try to state claims against the Foundation. "Lumping" multiple defendants together without defendant-specific factual allegations fails Rule 8. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Here, every cause of action concludes with an identical, undifferentiated formula: "Defendants Pasternak, B24, Inc., and Believe Foundation are each liable for the [deceptive practices / false advertising / negligent misrepresentation / unjust enrichment] described herein." Compl. ¶¶ 142, 147, 166, 170. Plaintiffs never distinguish what Mr. Pasternak is alleged to have said, what B24 is alleged to have built and operated, or what (if anything) the Foundation is alleged to have done.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint against the Foundation for lack of personal jurisdiction pursuant to Rule 12(b)(2); or, in the alternative, compel Plaintiffs to arbitrate their claims against Foundation and dismiss or stay this action as to Foundation pending arbitration; or, in the further alternative, dismiss the Complaint against the Foundation pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Dated: New York, New York
      July 22, 2026

SCOOLIDGE PETERS RUSSOTTI & FOX LLP

By:

    Peter Fox
    Matthew Brown
    2 Park Ave 20th Floor
    New York, New York 10016
    (212) 729-7708
    pfox@sprfllp.com
    mbrown@sprfllp.com

    *Counsel for Defendant Believe Foundation*

10