# EXHIBIT A

**COMPARISON OF CITATIONS AND SOURCE MATERIAL IN MOVING DEFENDANTS' MEMORANDA (DKTS. 24, 28)**

Bolding is added to aid in matching quotations to the source material.

**ITEM 1: *Pilon v. Discovery Communications, LLC*, 769 F. Supp. 3d 273, 287 n.2 (S.D.N.Y. 2025), a choice-of-law footnote quoted to support an invented disposition (Dkt. 24 at 5)**

| Defendants' memorandum states | Because both Version 2 and Version 3 require arbitration, it is not necessary for the Court to decide which version applies, particularly where "**the Court is confident that any other choice will make no difference in the ultimate outcome of the case**." *Pilon v. Discovery Communications, LLC*, 769 F. Supp. 3d 273, 287 n.2 (S.D.N.Y. 2025) (compelling arbitration without determining which version applies). |
|---|---|
| The source states | The quoted footnote concerns which body of choice-of-law rules to apply:<br><br>The determination of which choice-of-law rules to apply in this case, brought pursuant to the Court's federal-question and supplemental jurisdiction . . . is less than straightforward. . . . But because the parties have not briefed the issue, and because **the Court is confident that any other choice will make no difference in the ultimate outcome of the case**, the Court is content to apply New York's choice-of-law rules.<br><br>*Id.* |
| Disposition | [B]ecause Stephen did not assent to [the Second Visitor Agreement], he is not bound by its arbitration provisions. Thus, the petition to compel arbitration consistent with the First Visitor Agreement . . . is granted as to Stephen. . . . The petition to compel arbitration before JAMS (ECF No. 1) is GRANTED as to Russell Stephen and DENIED as to Brian Pilon. The cross-motion to compel arbitration before NAM (ECF No. 18) is DENIED as to Russell Stephen and GRANTED as to Brian Pilon.<br><br>*Id.* at 291, 298. |

**ITEM 2: *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 298 (1st Dep't 2003), and *Brown v. Cara*, 420 F.3d 148, 159–60 (2d Cir. 2005), false elements which invert the holding (Dkt. 28 at 8)**

| The Believe Foundation's memorandum states | But, as in the jurisdictional context, this assertion is unsupported by any factual allegations addressing the elements of a joint venture under New York law: (i) a specific agreement to carry on an enterprise for profit; (ii) intent to be joint |
|---|---|

| | venturers; (iii) a contribution by each party; (iv) joint control; and (v) shared profits and losses. Richbell Info Servs., Inc. v. Jupiter Partners, L.P., 309 A.D.2d 288, 298 (1st Dep't 2003); Brown v. Cara, 420 F.3d 148, 159–60 (2d Cir. 2005). "The absence of any one element is fatal." Kidz Cloz, Inc. v. Officially for Kids, Inc., 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004). Here, every one of the elements is missing. |
|---|---|
| **The source states** | The indicia of the existence of a joint venture are: acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses. <br><br> *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 298 (1st Dep't 2003) <br><br> "The indicia of the existence of a joint venture are: acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses." <br><br> *Brown v. Cara*, 420 F.3d 148, 157-59 (2d Cir. 2005) (quoting *Richbell*, 309 A.D.2d at 298). |
| **Disposition** | *Richbell* reinstated the joint-venture-based claims that the motion court had dismissed. *Richbell*, 309 A.D.2d at 289-90, 309. |

**ITEM 3: *Sarkisian v. OpenLocker Holdings, Inc.*, 700 F. Supp. 3d 105, 110 (S.D.N.Y. 2023), a complaint's failure to allege New York contacts related to the claims recast as a rule that a New York place of business is irrelevant (Dkt. 24 at 9–10)**

| | |
|---|---|
| **Defendants' memorandum states** | "*Sarkisian v. OpenLocker Holdings, Inc.*, 700 F. Supp. 3d 105, 110 (S.D.N.Y. 2023) (New York place of business does not '**establish any connection whatsoever between New York and the claims underlying this litigation**')." |
| **The source states** | As explained above, plaintiffs have failed to establish Openlocker has at any point maintained its principal place of business in New York. But even setting this aside, plaintiffs |

| | |
|---|---|
| | have failed to **establish any connection whatsoever between New York and the claims underlying this litigation**.<br><br>. . .<br><br>The complaint does not allege, and plaintiffs present no evidence that suggests, that any of these events occurred in New York. Indeed, the only contacts with New York that plaintiffs have identified allegedly occurred between July and November of 2021, and none of the aforementioned events giving rise to liability occurred during that time period.<br><br>*Id.* |
| **Disposition** | Plaintiffs failed to establish the requisite nexus between New York and their claims to support specific jurisdiction. *Id.* |

**ITEM 4:** *Yuille v. Uphold HQ Inc.,* **686 F. Supp. 3d 323, 344 (S.D.N.Y. 2023), "or" rewritten as "and" (Dkt. 24 at 14–15)**

| | |
|---|---|
| **Defendants' memorandum states** | "Second, the Complaint alleges statements that were not '**false and misleading <u>when they were made</u>**.' Yuille, 686 F. Supp. 3d at 344 (emphasis added)." |
| **The source states** | "Plaintiff does not allege that any of the affirmative statements Uphold made were **false or misleading when they were made**." *Id.* |
| **Disposition** | Failure of Plaintiff's Section 349 claim. *Id.* at 349. |

**ITEM 5:** *Zachman v. Hudson Valley Fed. Credit Union*, **49 F.4th 95, 103 (2d Cir. 2022), a vacatur for an insufficiently developed record presented as "upholding arbitration based on clickwrap agreements" (Dkt. 24 at 4)**

| | |
|---|---|
| **Defendants' memorandum states** | "*See Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 103 (2d Cir. 2022) (upholding arbitration based on clickwrap agreements) . . . ." |
| **The source states** | We have consistently upheld such agreements because the user has affirmatively assented to the terms of the agreement by clicking "I agree" or similar language . . . . That, however, does not end our analysis. When it comes to digital contract formation, courts also evaluate visual evidence that demonstrates "whether a website user has actual or constructive notice of the conditions." *Nicosia*, 834 F.3d at 233. The outcome often turns on "whether the design and content of th[e] webpage rendered the existence of terms reasonably conspicuous." *Id.* |

|  | *Zachman,* 49 F.4th at 103 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016)). |
|---|---|
| **Disposition** | "[W]e agree with the district court that granting HVCU's motion to compel arbitration was not warranted in light of this evidentiary gap in the record. . . . we vacate the district court's judgment and remand for further proceedings consistent with this opinion." *Id*. at 103, 105. |

**ITEM 6: *Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015), the two conditions of the mandatory stay cut from the quotation (Dkt. 24 at 7 n.4)**

| **Defendants' memorandum states** | "If a motion to compel arbitration is granted, the Federal Arbitration Act '**mandate[s] a stay of proceedings**.' *Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015)." |
|---|---|
| **The source states** | "[W]e conclude that the text, structure, and underlying policy of the FAA **mandate a stay of proceedings** when all of the claims in an action have been referred to arbitration and a stay requested." *Id.* |
| **Disposition** | Footnote 6 of the opinion expressly limits the holding to actions in which all claims are referred. *Id.* at 345 n.6. |

**ITEM 7: *Doe v. Trump Corp.*, 6 F.4th 400, 413 (2d Cir. 2021), a descriptive survey converted to a definitional rule, with the limiting holding at the end of the same paragraph omitted (Dkt. 24 at 7)**

| **Defendants' memorandum states** | "That relationship exists when the non-signatory '**has some sort of corporate relationship to a signatory party . . . subsidiaries, affiliates, agents, and other related business entities,**' or '**owns or controls a signatory**,' or where the signatory treated the two as interchangeable." *Id.* at 413." |
|---|---|
| **The source states** | [O]ur 'cases which have applied estoppel against a party seeking to avoid arbitration have tended to share a common feature in that the non-signatory party asserting estoppel **has had some sort of *corporate* relationship to a signatory party; that is, this Court has applied estoppel in cases involving subsidiaries, affiliates, agents, and other related business entities.** It makes rather obvious sense to prevent an entity from avoiding its obligation to arbitrate a dispute simply by morphing into another entity. We 'have similarly held that estoppel is warranted when a non- signatory defendant **owns or controls a signatory** defendant.' Id. In addition, we have |

|  | 'extended estoppel beyond situations involving affiliated corporate entities' in a limited number of circumstances 'where a defendant, while a non-signatory to the . . . contract containing an arbitration clause, was nevertheless explicitly named therein as having certain tasks to perform under that contract,' id. at 145, or the signatory seeking to avoid arbitration treated the other signatory and nonsignatory as interchangeable with respect to its rights and responsibilities under the relevant contract, *see* Ragone, 595 F.3d at 127-28.<br><br>Where, however, the nonsignatory is alleged to be a third-party wrongdoer as it is here, we have made clear that the arbitration contract 'in no way' extends to the non-signatory. Ross, 547 F.3d at 145 (internal quotation marks omitted); Sokol Holdings, 542 F.3d at 362.<br><br>*Id.* at 413-14 (paragraph break added) (quoting *Ross v. Am. Express Co.*, 547 F.3d 137, 144 (2d Cir. 2008). |
| **Disposition** | Affirmance of the denial of the non-signatory defendants' motions to compel arbitration. *Id.* at 415. |